UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| PRICHARD'S DISTILLERY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| vs. ) | Judge _____ |
| ) | Magistrate Judge _____ |
| SAZERAC COMPANY, INC., d/b/a ) | |
| A. SMITH BOWMAN DISTILLERY, and ) | |
| ) | |
| BUFFALO TRACE DISTILLERY, INC, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT

Prichard's Distillery, Inc. ("Prichard's") files this complaint for trademark infringement against Sazerac Company, Inc., d/b/a A. Smith Bowman Distillery ("Sazerac") and Buffalo Trace Distillery, Inc. ("Buffalo Trace") and states as follows:

## NATURE OF THE ACTION

This is a civil action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1114(1)(a) and for trademark infringement under the common law of the state of Tennessee.

## PARTIES

1. Prichard's is a Tennessee Corporation having places of business at 4225 Whites Creek Pike, Nashville TN 37189 and 11 Kelso Smithland Road, Kelso, TN 37348.

2. Sazerac Company, Inc. is a Louisiana corporation having its principal place of

business at 3850 N. Causeway Blvd, Suite 1695, Metairie Louisiana 70002. Sazerac's registered agent for service of process is Kent J. Broussard, 3850 N. Causeway Blvd, Suite 1695, Metairie Louisiana 70002.

3. Sazerac is also doing business as A. Smith Bowman Distillery ("Bowman") having a place of business at One Bowman Drive, At Deep Run, Fredericksburg, Virginia 22408. Sazerac's registered agent for service of process in Virginia is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

4. Buffalo Trace is a Kentucky corporation located at 113 Great Buffalo Trace, Frankfort Kentucky 40601. Buffalo Trace's registered agent for service of process is Mark R. Overstreet, 421 W. Main Street, Frankfort, Kentucky 40601. According to Sazerac's website, Buffalo Trace is owned by Sazerac.

## BACKGROUND

### Prichard's Trademark Rights

5. Prichard's Distillery makes and sells spirits, with most of its products being awarded gold medals and given high ratings in national and international distilled spirit competitions.

6. Beginning at least as early as December 10, 2002, Prichard's has been selling distilled spirits under the trademarks DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON.

7. Prichard's is the owner of valid U.S. Trademark Registration No. 2,809,224 for the trademark BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON in connection with bourbon. U.S. Trademark Registration No. 2,809,224 is filed herewith as Exhibit 1.

8. U.S. Trademark Registration No. 2,809,224 for the trademark BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON in connection with bourbon is incontestable.

9. Prichard's is the owner of valid U.S. Trademark Registration No. 4,420,193 for the trademark DOUBLE BARRELED in connection with distilled spirits. U.S. Trademark Registration No. 4,420,193 is filed herewith as Exhibit 2.

10. Prichard's owns common law rights in the mark DOUBLE BARRELED based on its usage of that term in association with the production and sale of bourbon in the state of Tennessee and throughout the United States.

11. In 2009 and 2011, Prichard's DOUBLE BARRELED bourbon was awarded Best of Craft Whiskey by the American Distilling Institute.

12. In 2011 and 2012, Prichard's DOUBLE BARRELED bourbon was awarded a 95 Extraordinary, Ultimate recommendation at Ultimate Spirits Challenge.

13. Prichard's DOUBLE BARRELED bourbon has won and/or placed highly in numerous other national and international whiskey competitions and has received extensive accolades as a premium product of the highest quality.

14. Prichard's DOUBLE BARRELED bourbon is and has been sold at numerous restaurants and retail outlets throughout the United States.

15. Prichard's DOUBLE BARRELED bourbon is and has been promoted in numerous articles in print and online throughout the United States.

16. Prichard's DOUBLE BARRELED serves as an indication of the source or origin of distilled spirits and has become distinctive to the consuming public and the distilled spirits trade.

17. Prichard's uses a double-barreled shotgun in its marketing in connection with its DOUBLE BARRELED bourbon, including an image of a double-barreled shotgun on Prichard's goods.

18. Prichard's usage of the marks DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks connote attributes of toughness and strength associated with, *inter alia*, double-barreled shotguns.

19. The average relevant consumer is equally likely to understand DOUBLE BARRELED to refer to a double-barrel, or a double-barreled, shotgun, and thus Prichard's mark DOUBLE BARRELED creates a double entendre associated with the commonly understood usage of "double barreled" to refer to a shotgun.

20. Through its continuous and substantially exclusive use since at least as early as December 10, 2002 and due to Prichard's substantial investment in developing and promoting the DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks, the marks have come to identify and distinguish Prichard's goods and services, and the marks represent enormous goodwill of great value belonging exclusively to Prichard's.

## Defendants' Infringing Acts

21. Sazerac is selling, marketing, and advertising in the state of Tennessee a product called "A. Smith Bowman Limited Edition Double Barrel Bourbon Whiskey."

22. Buffalo Trace is selling, marketing and advertising in the state of Tennessee a product called "Buffalo Trace Experimental Collection Double Barreled" bourbon.

23. Defendants' use of DOUBLE BARRELED, and/or terms confusingly similar to DOUBLE BARRELED, such as "double barrel" in association with distilled spirits, is likely to create confusion among the consuming public as to source, origin, sponsorship, or affiliation with Prichard's trademarks and products.

4

24. Upon information and belief, Defendants chose to use the mark DOUBLE BARRELED to create an association with Prichard's distinctive DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON brands.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction for the trademark infringement claims asserted in this Complaint pursuant to 15 U.S.C. § 1114 (Lanham Act); 28 U.S.C. §§ 1331 and 1338 (trademarks); and 28 U.S.C. § 1367 (supplemental jurisdiction).

26. Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

27. This Court has personal jurisdiction over Defendants because Defendants engage in "business" in the State of Tennessee within the meaning of the Tennessee Long Arm Statute, Tenn. Code Ann. § 20-2-214(a)(1).

28. The exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because: (a) Defendant have purposefully established "minimum contacts" with the State of Tennessee, and (b) the exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

29. Products originating from Sazerac and Buffalo Trace can be purchased in Tennessee and in this District.

30. Upon information and belief, Sazerac has made sales of its A. Smith Bowman Limited Edition Double Barrel Bourbon Whiskey products to Tennessee residents in the state of Tennessee.

31. Upon information and belief, Buffalo Trace has made sales of its Buffalo Trace Experimental Collection Double Barreled whiskey products to Tennessee residents in the state of Tennessee.

32. Defendants' products have been advertised and promoted nationally across the internet on active websites that allow consumers throughout Tennessee to purchase Defendants' infringing products.

## COUNT I

### Trademark Infringement

33. Prichard's realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

34. By displaying DOUBLE BARRELED, and/or marks confusingly similar to DOUBLE BARRELED and/or BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks, on distilled spirits sold and marketed for sale after the date Prichard's first began using the mark DOUBLE BARRELED, Defendants actions have created a likelihood of confusion among the consuming public as to source, origin, sponsorship, and/or affiliation of goods.

35. Defendants were and have been made aware of Prichard's prior use of DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON for the relevant goods and have continued to infringe Prichard's trademarks.

36. Defendants' conduct relating to the use of DOUBLE BARRELED is without permission of Prichard's.

37. Defendants are thus in violation of 15 U.S.C. §1114 regarding the DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON marks.

6

38. Such acts by Defendants cause Prichard's irreparable harm, including injury to Prichard's reputation and goodwill, as to which Prichard's is entitled to an injunction under 15 U.S.C. § 1116 to prevent ongoing infringement.

39. Such acts further cause harm to Prichard's as to which Prichard's is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

40. Given that Defendant's conduct is willful, Prichard's is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

## COUNT II

### Common Law Trademark Infringement and Unfair Competition

41. Prichard's realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

42. Defendants' use of DOUBLE BARRELED, and confusingly similar marks such as DOUBLE BARREL, in commerce in connection with Defendants' products are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Prichard's, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Prichard's, and Prichard's is likely to be damaged by Defendants' use of such words, terms, names, or false designations, all in violation of the common law of trademark infringement and unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Prichard's respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendants, as well as their

officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks under the Lanham Act and/or under the common law; and

2. Offering any goods or services for sale using any mark containing or confusingly similar to Prichard's DOUBLE BARRELED and BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON trademarks;

B. That the Court award Prichard's damages, an accounting of profits, and attorneys' fees and costs;

C. That the Court award Prichard's multiplied damages because of Defendants' willful and wrongful conduct;

D. A trial by jury as to all issues; and

E. That the Court award such further relief as is merited under law and equity.

Date: August 11, 2014

Respectfully submitted,

Edward D. Lanquist, Jr. (BPR 13303)
Matthew C. Cox (BPR 028212)
Nathan J. Bailey (BPR 026183)
WADDEY PATTERSON
Suite 500 Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400
edl@iplawgroup.com
mcc@iplawgroup.com
njb@iplawgroup.com

*Attorneys for Plaintiff Prichard's Distillery, Inc.*

8