UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PRICHARD'S DISTILLERY, INC.,          )
                                      )
        Plaintiff                     )
                                      )  No. 3:14-1646
v.                                    )  Chief Judge Sharp/Bryant
                                      )  **Jury Demand**
SAZERAC COMPANY, INC. d/b/a           )
A. SMITH BOWMAN DISTILLERY,           )
and BUFFALO TRACE DISTILLERY, INC.,   )
                                      )
        Defendants                    )

## MEMORANDUM AND ORDER

Pending in this case is Defendants' motion for leave to file amended answer and counterclaims (Docket Entry No. 31). Plaintiff has responded in opposition (Docket Entry No. 40) and Defendants have filed a reply (Docket Entry No. 42).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendants' motion for leave to file amended answer and counterclaims should be granted.

## STATEMENT OF THE CASE

In this trademark infringement action, Plaintiff Prichard's Distillery, Inc. alleges that Defendants have infringed its registered trademarks in the terms BENJAMIN PRICHARD'S DOUBLE BARRELED BOURBON and DOUBLE BARRELED in connection with distilled spirits. Defendants have filed an answer denying liability and asserting counterclaims seeking a declaration that their use of the term "double barrel" or "double barreled" and variations thereof neither infringes Plaintiff's alleged rights nor constitutes unfair

competition under the Lanham Act or Tennessee law. In addition, Defendants seek a cancellation of Plaintiff's registration for DOUBLE BARRELED.

**ANALYSIS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides in general that the Court should freely give leave to amend pleadings "when justice so requires." Nevertheless, this liberal standard for amendments of pleadings is not without exceptions. A court may deny leave to amend where there is undue delay in filing a motion for leave to amend and a lack of notice and undue prejudice to the nonmoving party. *Newburgh/Six Mile Limited Partnership II v. Adlabs Films USA, Inc.*, 724 F. Supp. 2d 740, 751 (E.D. Mich. 2010) (citations omitted).

In support of their motion, Defendants argue that they have been diligent in trying to meet the deadline of February 1, 2015, for amending pleadings, and that their failure to file their motion prior to this deadline was caused at least in part by Plaintiff's failure to provide timely and complete responses to discovery. Defendants also argue that Plaintiff will not suffer undue prejudice. Defendants argue in addition that they are acting in good faith and that their proposed amendment is not futile.

Specifically, Defendants argue that through discovery they have learned that William Ray Jamieson, who is listed in the

United States Patent and Trademark office records as the original owner of the mark at issue, actually never owned any trademark rights in the disputed mark. Mr. Jamieson allegedly later assigned his rights in the disputed mark to Plaintiff. Defendants argue that the Lanham Act provides that an application for registration filed by a person or entity that is not the owner of the mark is void *ab initio*. Defendants argue that this constitutes an additional ground for their claim that Plaintiff's registration of the disputed mark should be cancelled.

In opposition, Plaintiff argues that Defendants are guilty of undue delay because they knew or should have known from the beginning that USPTO records showed Mr. Jamieson to be the original applicant. Plaintiff further argues that they will suffer undue prejudice if Defendants are allowed to amend at this late date. Specifically, Plaintiff asserts that Mr. Jamieson may need to be redeposed if this amendment is allowed.

Both parties have filed competing motions for summary judgment which are now fully briefed and awaiting decision by the Chief Judge. The record reflects that Senior District Judge Nixon recently recused himself from this case and that the case has now been assigned to the Chief Judge. Since this reassignment of the case, no trial date has currently been scheduled.

In consideration of the fact that the case is not presently set for trial and mindful of the liberal standard for granting amendments to pleadings, the undersigned Magistrate Judge finds that Defendants' motion to amend their answer and counterclaim should be granted. The undersigned also recommends that the Chief Judge grant the parties a reasonable time to complete any additional discovery necessitated by this amendment and supplement their pending motions for summary judgment as appropriate.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge