# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PRICHARD'S DISTILLERY, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAZERAC COMPANY, INC., d/b/a A. ) <br> SMITH BOWMAN DISTILLERY, and ) <br> BUFFALO TRACE DISTILLERY, INC., ) <br> ) <br>     Defendants. ) | Case No. 3:14-cv-1646 <br><br> Judge Sharp |

## MEMORANDUM

Pending before the Court are cross-motions for summary judgment. Plaintiff Prichard's Distillery, Inc. ("Prichard's") filed a Motion for Partial Summary Judgment challenging Defendants' Sazerac Company, Inc., d/b/a A. Smith Bowman Distillery, and Buffalo Trace Distillery, Inc ("Sazerac") counter claim, requesting cancellation of Prichard's trademark for "Double Barreled." (Docket No. 47). Sazerac filed a Motion for Summary Judgment on all claims in Prichard's Complaint as well as all claims in Sazerac's Counter Complaint. (Docket No. 49). For the reasons stated below, the Court will deny both Plaintiff's and Defendants' Motions for Summary Judgment.

## BACKGROUND

Prichard's is a distillery located in Tennessee that makes and sells spirits, including bourbon. In connection with this business, Prichard's owns two trademarks at issue in this case: "Benjamin Prichard's Double Barreled Bourbon" (U.S. Trademark Registration No. 2,809,224) and "Double Barreled" (U.S. Trademark Registration No. 4,420,193). (Docket No. 1 at 2-3). The first trademark was registered on January 27, 2004 and has become incontestable. (Docket

1

No. 1 at 2; 1-1). The second was registered on October 22, 2013. (Docket No. 1-2). Defendant Sazerac owns two distilleries, Buffalo Trace and A. Smith Bowman, which also distill various spirits including bourbon. (Docket No. 65 at 1-2). Both Prichard's and Sazerac use the phrase "double barreled" on their bourbon packaging. Because Prichard's owns the trademark to this phrase, it believes that Sazerac's use amounts to trademark infringement and unfair competition.

The term "double barreled" refers to the way in which bourbon is aged; the bourbon is aged in one barrel before being moved to a second. Additionally, Prichard's claims that its use of "double barreled" is a *double entendre*, alluding not only to the way in which the bourbon is aged, but also to the "toughness and strength associated with, *inter alia*, double-barreled shotguns." (Docket No. 53 at 5-6). Sazerac, on the other hand, claims that "double barreled" is a process, and is therefore not a protectable trademark due to either genericness or mere descriptiveness. (Docket No. 49). Consequently, Sazerac does not believe its use of "double barreled" infringes on Prichard's trademark.

## **LEGAL STANDARD**

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388–89 (6th Cir.1993). But the non-moving

party "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). See Celotex, 477 U.S. at 324; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." Moore v. Philip Morris Co., 8 F.3d 335, 339–40 (6th Cir.1993).

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. Taft Broad. Co. v. U.S., 929 F.2d 240, 248 (6th Cir.1991).

> The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts . . . [.] Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.

*Id.* (citations omitted).

## **ANALYSIS**

Both parties move for summary judgment on Sazerac's counterclaim seeking cancellation of Prichard's' "double barreled" trademark. (Docket Nos. 47 & 49). Additionally, Sazerac moves for summary judgment on the remaining claims against Sazerac in Prichard's' complaint: (1) federal trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1114; and (2) common law trademark infringement and unfair competition. Sazerac also moves for summary judgment on its remaining claims against Prichard's in its counter complaint for (1) a declaration of noninfringement and (2) cancellation of Prichard's' trademark "Benjamin Prichard's Double Barreled Bourbon." (Docket No. 49).

**I.     Sazerac's Claim for Cancellation of the "Double Barreled" Trademark**

Generic marks are never capable of receiving trademark protection. Generic marks are "those that 'refer to the genus of which the particular product is a species[.]'" Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc., 280 F.3d 619, 636 (6th Cir. 2002) (quoting Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992))." "A generic term is one which is commonly used as the name of a kind of goods." Gimix, Inc. v. JS&A Grp., 699 F.2d 901 at 905 (7th Cir. 1983). The question of whether a term is generic, and therefore not a protectable trademark, is a question of fact. "A trademark that has been federally registered is presumed to be not generic and the defendant must overcome the presumption." Gaylord Entm't Co. v. Gilmore Entm't Grp., 187 F. Supp. 2d 926, 936 (M.D. Tenn. 2001) (citing Bath & Body Works, Inc., v. Luzier Personalized Cosmetics, Inc., 76 F. 3d 743, 748 (6th Cir. 1996)). In determining whether a mark is generic, courts may consider "dictionary definition, competitors' use, plaintiffs' use, media usage, national testimony by people in the trade, and consumer surveys." Id. (citing Nat'l Baseball Hall of Fame v. All Sports Promotion Group, Inc., 2001 U.S. Dist. LEXIS 1592, *12 (S.D.N.Y. 2001)). The "test for genericness is whether the relevant public perceives the term primarily as the designation of the article." Nartron Corp. v. STMicroelectronics, Inc., 305 F.3d 397, 404 (6th Cir. 2002).

Descriptive marks may only be trademarked if they have acquired secondary meaning. Descriptive marks are those marks that tell "how a product functions, what it looks, tastes, or feels like, or what its desirable aspects are." 1-2 Gilson on Trademarks § 2.03 (2015). "If consumers 'immediately associate [the term] with a quality or characteristic of the product or service,' the term is descriptive." Id. (quoting In re MBNA Am. Bank, N.A., 340 F.3d 1328, 1332 (Fed. Cir. 2003)). A mark is merely descriptive if it "'consists merely of words descriptive

of the qualities, ingredients or characteristics of' the goods or services related to the mark." In re Oppedahl & Larson LLP, 373 F.3d 1171, 1173 (Fed.Cir.2004) (quoting Estate of P.D. Beckwith, Inc. v. Comm'r of Patents, 252 U.S. 538, 543 (1920)). Whether a trademark is merely descriptive is a question of fact. The party challenging the validity of the mark bears the burden of proof and must show by a preponderance of the evidence that the mark is merely descriptive. See DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd., 695 F.3d 1247, 1252 (Fed. Cir. 2012).

The secondary meaning required for the protection of descriptive marks means that the mark identifies not only the product but also the *source* of the product in the minds of the consumer.

> To acquire a secondary meaning in the minds of the buying public, an article of merchandise when shown to a prospective customer must prompt the affirmation, "That is the article I want because I know its source," and not the negative inquiry as to "Who makes that article?" In other words, the article must proclaim its identification with its source, and not simply stimulate inquiry about it.

West Point Mfg. Co. v. Detroit Stamping Co., 222 F.2d 581, 595 (6th Cir. Mich. 1955) (citations omitted); see also Ferrari S.P.A. Esercizio Fabriche Automobili E. Corse v. Roberts, 944 F.2d 1235 at 1239 (6th Cir. 1991).

When this direct evidence is unavailable, the Court may draw inferences from other evidence, such as: "1. direct consumer testimony; 2. consumer surveys; 3. exclusivity, length, and manner of use; 4. amount and manner of advertising; 5. amount of sales and number of customers; 6. established place in the market; and 7. proof of intentional copying." Tenneco Auto. Operating Co. v. Kingdom Auto Parts, 410 Fed. Appx. 841, 846 (6th Cir. Mich. 2010) (citing Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc., 270 F.3d 298, 311-12 (6th Cir. 2001)). Prichard's has the burden of showing that its mark has acquired secondary meaning and "that burden is substantial." Id. (citing DeGidio v. West Group Corp., 355 F.3d 506, 509 (6th Cir. 2004)).

Neither party has carried its burden on the issue of whether "double barreled" is generic or merely descriptive because neither side has presented evidence concerning the *relevant public's* view on these issues. Therefore, genuine issues of fact still exist regarding genericness and descriptiveness: (1) does the relevant public use the term "double barreled" as a designation of bourbon?; and s(2) has "double barreled" acquired secondary meaning as a source identifier for Prichard's Distillery?

Both sides have discussed the testimony of many experts in the field, and these experts discuss the process of "double barreling" as they understand it. (See e.g. Docket Nos. 54-6; 54-7; 54-12). Indeed, these experts have established that they understand the term as a way of describing a process. However, this does not end the analysis. "It is a term's meaning to *consumers*, not professionals in the trade, that is the test for genericness and descriptiveness for ordinary consumer goods." Nartron, 305 F. 3d at 406 (emphasis added). Although expert analysis is instructive in making factual determinations, these experts are discussing how they view the term "double barreling" as experts in the field; they are not discussing how the relevant public views the term "double barreling" as consumers. (See Docket No. 60 at 7-8).

Consumer surveys are not required; however, the parties must keep in mind the relevant public when determining whether "double barreled" is descriptive or generic. See Nartron, 305 F. 3d at 406 (noting that "relevant public" could include professional buyers). See also Kern's Kitchen, Inc. v. Bon Appetit, 850 F.2d 692 n.3 (6th Cir. 1988) ("Consumer surveys have become almost de rigueur in litigation over genericness. . . . [A] survey is preferable to attorneys, litigants and judges merely arguing and extrapolating from their own personal perceptions.") (citing § 12:14.Surveys to determine genericness, 2 McCarthy on Trademarks and Unfair Competition § 12:14 (4th ed.)) (citing § 12:17.Consumer surveys—Single source cases, 2

McCarthy on Trademarks and Unfair Competition § 12:17 (4th ed.)); Pepper Patch, Inc. v. Bell Buckle Country Store, 2006 U.S. Dist. LEXIS 49568, *21 (M.D. Tenn. July 18, 2006). With neither direct consumer evidence nor expert evidence concerning the relevant public's view of the term "double barreling," the Court finds the rest of the evidence presented (marketing materials, dictionary definitions, and press releases) insufficient for summary judgment purposes. Because the Court believes a genuine issue still exists regarding how *consumers* view the term "double barreled," the Court will deny summary judgment on this claim to both parties.

## II. Trademark Infringement Under § 43(a) of the Lanham Act and Both Trademark Infringement and Unfair Competition Under Common Law

Sazerac has moved for summary judgment on Prichard's' trademark infringement claims against Sazerac, as well as on its own claim for a declaration of noninfringement. A party can prevail on a federal trademark infringement claim under the Lanham Act by showing "(1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." Alyn v. Southern Land Co., LLC, 2016 U.S. Dist. LEXIS 179215, *24 (M.D. Tenn. Dec. 28, 2016) (quoting Coach, Inc. v. Goodfellow, 717 F.3d 498, 502 (6th Cir. Tenn. 2013)). Like federal trademark law, the tests for trademark infringement and unfair competition under common law are "likelihood of confusion." See Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 n.5 (6th Cir. Mich. 2009) ("[U]nfair competition under the Lanham Act [and] common law trademark infringement . . . both employ the same 'likelihood of confusion' test as a claim for trademark infringement.").

In the Sixth Circuit, likelihood of confusion is determined by examining the Frisch factors: (1) strength of the plaintiff's mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of

purchaser care; (7) the defendant's intent in selecting its mark; and (8) likelihood of expansion of the product lines. Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc., 670 F.2d 642 (6th Cir. 1982).

The problem with the claims concerning trademark infringement is that the Court must first determine whether Prichard's owns a valid trademark. As discussed above, there still exists a genuine issue of material fact on this matter. Consequently, the Court is unable to grant Sazerac's Motion for Summary Judgment on these claims.

### III. Sazerac's Claim for Cancellation of "Benjamin Prichard's Double Barreled Bourbon"

Finally, the Court denies Sazerac's Motion for Summary Judgment on its counter claim seeking cancellation of Prichard's registered and incontestable mark "Benjamin Prichard's Double Barreled Bourbon." As an initial matter, the Court finds Sazerac's Motion for Summary Judgment unclear as to whether Sazerac actually intended to move for summary judgment on this claim. Sazerac's motion seeks "summary judgment on its Counterclaims filed on October 10, 2014" and then specifies the claims "seeking a declaratory judgment of noninfringement and cancellation of Plaintiff's registration for the term 'double barreled.'" (Docket No. 49 at 1). Whether Sazerac intended to move for summary judgment on all three counterclaims or only those two is murky. Regardless, the Court denies summary judgment on this claim for cancellation of the incontestable mark. Sazerac has failed to provide any arguments or evidence in its briefs as to why this mark should be cancelled. "The Court is not inclined to make arguments for a party when the party fails to do so." Williams v. Colvin, 2016 U.S. Dist. LEXIS 47019, *28 (W.D. Mich. Apr. 7, 2016); see also Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 491 (6th Cir. 2006) (declining "to formulate arguments on [petitioner's] behalf"); Tippett v. Astrue, 2012 U.S. Dist. LEXIS 6152, *4 (E.D. Ky. Jan. 18, 2012) ("It is insufficient for a party

to mention an argument in the most skeletal manner, leaving the court to place flesh upon its bones."); McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997).

## **CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's Partial Motion for Summary Judgment (Docket No. 47) and will also deny Defendant's Motion for Summary Judgment (Docket No. 49). A separate order shall be entered.

*[signature: Kevin H. Sharp]*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE